**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

DHARMINDER SINGH,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX FACILITY, et al.,

Respondents.

Case No. 1:26-cv-06501-JLT-SAB

A-Number: 246-610-845

AMENDED ORDER[1] GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS IN PART; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Docs. 1, 2)

## I. INTRODUCTION

Before the Court is Dharminder Singh's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed an opposition to the TRO and the underlying petition, asserting that Petitioner is subject to the mandatory pre-order detention statute pursuant to 8 U.S.C. § 1225(b)(2)(A). (*See generally,* Doc. 6.) Thus, for the foregoing reasons, the Court **GRANTS IN PART** the petition for writ of habeas corpus.

///

[1] The sole purpose of the amendment is to correct Petitioner's A-Number. The parties are informed there are no substantive changes to this order.

## II. FACTUAL BACKGROUND

Petitioner is from India. Petitioner entered the United States without inspection on or about January 9, 2023. (Doc. 1 at 10, ¶ 53-55.) Shortly after entry, DHS briefly detained Petitioner and issued a Notice to Appear charging him pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*Id*. at ¶ 56.) DHS thereafter released Petitioner pursuant to conditions of supervision, including Alternatives to Detention monitoring and regular ICE check-ins. (Doc. 6-1 at 2.)

Following his release, Petitioner came to live in Fresno, California, applied for asylum, maintained a clean criminal record, and attests to consistently attending all hearings in immigration court. (Doc. 1 at 10, ¶ 58-60.) On August 9, 2026, Petitioner was detained after he reported to an ATD reporting check-in at ICE offices in Fresno. (Doc. 6-1 at 2.) According to ICE records, Petitioner was detained due to numerous ATD violations, including biometric match failures and multiple missed self-report check-ins. (*Id*.; *see also* Doc. 7.) Petitioner is detained at Golden State Annex Detention Facility in McFarland, California. (Doc. 1 at 2, ¶ 4.)

On August 15, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting, *inter alia,* that his due process rights have been violated. (Doc. 1 at 11.) Petitioner requests immediate release or, in the alternative, for the Court to order Respondents to provide him with a bond hearing. (*Id*. at 14.) Respondents filed an opposition on August 23, 2026, in which they argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (Doc. 6.)

## III. LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 11.) Thus, he

properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## IV. DISCUSSION

Respondents maintain the position that Petitioner's detention is governed by expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A). (Doc. 6 at 1.) Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also*, *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Moreover, for the reasons articulated in those cases, the Court concludes Petitioner is re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

Considering Petitioner's multiple ATD reporting violations, the Court finds that the appropriate remedy here is a bond hearing where the government bears the burden of proving that Petitioner now poses a danger to the community or flight risk. Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above.

2. The motion for temporary restraining order, (Doc. 2), is **DENIED** as **MOOT**.

3. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

4. **At least 72 hours before** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **at least 72 hours before** the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California, with a copy of this Order.

7. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: September 11, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE